

# NUMBER 13-21-00145-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF S.K.G., CHILD

**On appeal from the 24th District Court
of Victoria County, Texas.**

## ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Benavides and Silva
Order Per Curiam**

This is an appeal of a judgment terminating parental rights to S.K.G., a child. Court-appointed appellate counsel for appellant K.D.G., S.K.G.'s biological father, filed a brief and a motion to withdraw stating that he has "thoroughly reviewed the record on appeal and the factual and legal basis for the trial court[']s ruling. As set forth in the Brief, there are no non-frivolous issues to be raised and the trial court's ruling was not an abuse of judicial discretion as the State met its burden to bring sufficient evidence to support the termination findings under § 161.001(b)(1), subsections D, E, N, O, and/or best interest

grounds." *See Anders v. California*, 386 U.S. 738 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (permitting appointed counsel in a parental termination appeal to file a brief in compliance with *Anders*).

K.D.G.'s appellate counsel has informed this Court that he was unable to provide K.D.G. with a copy of his brief and motion to withdraw due to K.D.G. not having a mailing address in the United States. *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). We did not receive a pro se response from K.D.G.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *In re S.P.*, 509 S.W.3d 552, 559 (Tex. App.—El Paso 2016, no pet.). Having reviewed the record and counsel's *Anders* brief, we find that the issue of whether the evidence adduced at trial is legally or factually sufficient to support the termination of K.D.G.'s rights under § 161.001(b)(1)(D) or (b)(1)(E) is an arguable, non-frivolous issue precluding our immediate affirmance of the judgment under *Anders*. *See Anders*, 386 U.S. at 744 ("[I]f [an appellate court] finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal"); *In re N.G.*, 577 S.W.3d 230, 239 (Tex. 2019); *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("[I]f the Court of Appeals does find that there are arguable grounds, the appellate court must then guarantee the appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal."); *see also*

2

*In re N.M.*, No. 07-16-00439-CV, 2017 WL 1151934 , at *1 (Tex. App.—Amarillo Mar. 23, 2017, no pet.) (mem. op.); *In re A.W.*, No. 01-15-01030-CV, 2016 WL 3022824, at *8 (Tex. App.—Houston [1st Dist.] May 26, 2016, no pet.) (mem. op.).

Accordingly, we GRANT counsel's motion to withdraw, ABATE the appeal, and REMAND the cause to the trial court for appointment of new appellate counsel for K.D.G. *See Anders*, 386 U.S. at 744; *In re P.M.*, 520 S.W.3d at 27–28. The record of appointment, including newly-appointed counsel's name, email and postal addresses, telephone number, and state bar number shall be filed with the Clerk of this Court within twenty (20) days of this order. Newly-appointed counsel shall, no later than twenty (20) days from his or her appointment, file with the Clerk of this Court an appellate brief on behalf of K.D.G. addressing the aforementioned issue and any other arguably meritorious issue discovered.[1]  Appellee, the Department of Family and Protective Services, may then file a responsive brief within twenty (20) days[2] of the filing of K.D.G.'s brief, as provided by rule. *See* TEX. R. APP. P. 28.4, 38.6(b).

PER CURIAM

Delivered and filed on the
1st day of July, 2021.

---

[1] We urge newly-appointed counsel to use whatever means necessary to ensure K.D.G. receives notice of the brief filed on his behalf.

[2] This expedited procedure is ordered in light of our obligation to ensure "as far as reasonably possible" that parental termination appeals are brought to final disposition within 180 days of the date the notice of appeal is filed. *See* TEX. R. JUD. ADMIN. 6.2(a).